Jeffrey A. NAVE, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 152, 2001.

Supreme Court of Delaware.

Submitted: June 25, 2001.
Decided: July 30, 2001.

Jeffrey A. Nave, Smyrna, Delaware, pro se.

Loren C. Meyers, Chief of Appeals Division, Department of Justice, Wilmington, Delaware, for appellee.

BEFORE: WALSH, HOLLAND and BERGER, Justices.

HOLLAND, J.

The defendant-appellant, Jeffrey A. Nave, filed this appeal from a Superior Court judgment dated March 15, 2001, which, *sua sponte*, corrected a sentencing order dated January 10, 1992. Nave originally was sentenced to fifteen years at Level V incarceration, suspended after serving ten years in jail for five years of work release and probation. The Superior Court amended Nave's 1992 sentence in 2001 to reflect that Nave must serve fif-

teen years at Level V incarceration, without suspension of any portion of the sentence.

On appeal, Nave raises several claims of error. Nave contends that he was denied due process because the Superior Court's corrected sentencing order imposed a harsher punishment, *sua sponte*, and did not reflect the Superior Court's original intent as expressed in its 1992 sentencing order. Nave also asserts that the Superior Court had no authority to issue a corrected sentence in response to Nave's petition for a writ of habeas corpus. The State concedes that the Superior Court erred when it amended Nave's sentence without first affording Nave the opportunity to appear before the Superior Court.

After careful consideration, we agree with the State's acknowledgement that the Superior Court erred in this case by sentencing Nave *in absentia*. We also conclude that the Superior Court's *sua sponte* decision to correct Nave's original sentence was erroneous. Therefore, we hold that the corrected sentencing order must be vacated and the matter remanded for further proceedings.

### Original Sentence

The record reflects that Nave was convicted in 1991 of possession of marijuana with intent to deliver. The Superior Court declared Nave to be a habitual offender, pursuant to 11 *Del.C.* § 4214(a), and sentenced him to fifteen years at Level V incarceration, suspended after serving ten years in jail for five years of work release and probation. This Court affirmed Nave's conviction and sentence on direct appeal.[1] Thereafter, Nave filed a number of unsuccessful letters and petitions challenging the legality of his sentence.

### "Corrected" Sentence

In March 2001, Nave, acting *pro se*, filed a petition for a writ of habeas corpus asserting that he should be released from custody. Nave contended that he already had completed the ten-year jail term contemplated by the Superior Court's 1992 sentencing order. Nave further asserted that the five-year, suspended portion of the Superior Court's 1992 sentencing order was illegal and that he should be discharged from serving any portion of it. According to Nave, the trial court cannot suspend any portion of a sentence imposed pursuant to 11 *Del.C.* § 4214(a). The Superior Court denied Nave's petition for habeas relief but corrected its 1992 sentencing order, *sua sponte*, and reimposed a full fifteen-year term of incarceration without suspending any portion of the sentence.

The State agrees with Nave's position that the Superior Court lacked authority under 11 *Del.C.* § 4214(a) to suspend any portion of Nave's 1992 sentence. The State argues, however, that the Superior Court had authority to correct Nave's illegal sentence "at any time."[2] The State also asserts that the Superior Court's correction of Nave's sentence to impose a fifteen-year jail term, without any suspension, was within the Superior Court's discretion. Nonetheless, the State concedes error in the present case because the Superior Court resentenced Nave without Nave being present, which was contrary to this Court's ruling in *Jones v. State*.[3]

1. *Nave v. State*, Del.Supr., Nos. 397, 1991 & 59, 1992, 1993 WL 65099, Walsh, J. (Mar. 8, 1993) (ORDER)

2. Super.Ct.Crim.R. 35(a).

3. *Jones v. State*, Del.Supr., 672 A.2d 554, 556 (1996).

### Original Sentence Authorized
### By Section 4204(l)

■ This Court has considered the parties' respective positions very carefully. The parties appear to agree that Section 4214(a) prohibits the trial court from suspending any portion of a sentence imposed pursuant to that subsection.[4] The parties also agree that Nave's sentence required correction, although they disagree about how the sentence should have been corrected. After careful consideration, we hold that the Superior Court was not required to correct Nave's sentence to reimpose a full fifteen-year term of incarceration, notwithstanding Section 4214(a)'s prohibition against suspended sentences.

In its response to Nave's petition for a writ of habeas corpus, the State originally suggested that the Superior Court could correct the "illegality" in Nave's suspended sentence by imposing a ten-year prison sentence followed by a combination of work release and/or probation pursuant to 11 Del.C. § 4204(l).[5] As the State noted, "[r]estructuring the sentence in that manner would appear to reflect the [Superior] Court's original sentencing plan." On appeal, however, the State asserts that its understanding of the Superior Court's original intent "appears to be wrong."

■ As the State correctly stated in its response to Nave's petition in the Superior Court, 11 Del.C. § 4204(l) expressly requires the sentencing court to impose a period of custodial supervision of not less than six months at Level IV, III, or II in order to facilitate a defendant's transition back into the community. This transition period may be in addition to the maximum sentence of imprisonment established by statute. Clearly the intent of Section 4204(l) is to ensure that no incarcerated individual is returned directly to the community without any transition or follow-up supervision. The need for transition from prison back to society is even more apparent in the case of a habitual offender.

■ We agree with the parties and the Superior Court that Section 4214(a), by its terms, prohibits any portion of a sentence imposed pursuant to that subsection from being suspended for probation. We also agree with the State, however, that Section 4204(l) clearly requires the sentencing court to impose a period not less than six months of custodial supervision at Level IV, III, or II, i.e., probation, to follow any Level V sentence of one year or more. This includes a sentence imposed pursuant to Section 4214(a).

In Nave's case, it appears from the unambiguous language of the 1992 sentencing order that the Superior Court intended for Nave to serve ten years in jail followed by five years of transitional custody, i.e., work release and probation. Each compo-

---

**4.** 11 Del.C. § 4214(a) provides in relevant part:

Notwithstanding any provision of this title to the contrary, any sentence so imposed pursuant to this subsection shall not be subject to suspension by the court, and shall be served in its entirety at a full custodial Level V institutional setting without benefit of probation or parole, except that any such sentence shall be subject to the provisions of §§ 4205(h), 4217, 4381, and 4382 of this title.

**5.** 11 Del.C. § 4204(l) provides:

Whenever a court imposes a period of incarceration at Level V custody for 1 or more offenses that totals 1 year or more, then that court must include as part of its sentence a period of custodial supervision at either Level IV, III or II for a period of not less than 6 months to facilitate the transition of the individual back into society. The 6–month transition period required by this subsection may, at the discretion of the court, be in addition to the maximum sentence of imprisonment established by the statute.

nent of that sentence was "integral to the sentencing judge's overall 'sentencing scheme.'"[6] Even though the Superior Court incorrectly denominated Nave's fifteen-year sentence under Section 4214(a) as being "suspended" for work release and probation after serving ten years, the Superior Court, in its discretion, could have properly denominated Nave's sentence as a ten-year term of imprisonment followed by five years of supervised custody at decreasing levels pursuant to Section 4204($l$). In fact, the Superior Court was required by Section 4204($l$) to impose some period of supervised custody in addition to any term of imprisonment it imposed in excess of one year under Section 4214(a).

This Court has held that the imposition of a sentence is within the discretion of the trial court and, whenever possible, effect should be given to its intent.[7] Accordingly, we conclude under the circumstances of this case that the Superior Court could have corrected the error in its 1992 sentencing order in a manner that would have been consistent both with the intent of its original sentencing scheme and with Section 4204($l$) and would not have been "illegal" under Section 4214(a). Therefore, we find that the Superior Court's corrected sentencing order must be vacated, and this matter should be remanded for further proceedings, at which Nave is permitted to appear, to allow the Superior Court to resentence Nave in a manner consistent with its original sentencing scheme.

### Conclusion

The judgment of the Superior Court is reversed. The corrected sentence is vacated. This matter is remanded for further proceedings consistent with this opinion.

6. *Defoe v. State*, Del.Supr., 750 A.2d 1200, 1202 (2000).

7. *See Weber v. State*, Del.Supr., 655 A.2d 1219, 1221 (1995); *Faircloth v. State*, Del. Supr., 522 A.2d 1268, 1272–73 (1987).