IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VICTOR HACKETT, | § | |
| | § | No. 707, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0609019128 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 8, 2015
Decided: July 21, 2015

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 21st day of July 2015, having considered the parties' briefs on appeal and the Superior Court record, it appears to the Court that:

(1) The appellant, Victor Hackett, filed this appeal from the Superior Court's order dated December 9, 2014 denying his motion for correction of sentence under Superior Court Criminal Rule 35(a) ("Rule 35(a)"). The Court concludes that the judgment must be reversed and this matter remanded for further proceedings.

(2) The record reflects that Hackett entered a guilty plea in December 2006 to one count of Possession with Intent to Deliver Cocaine ("PWIDC"). Hackett agreed to be sentenced as a habitual offender under 11 *Del. C.* § 4214(a)

("Section 4214(a)").[1]  A sentence imposed under Section 4214(a) must "not be less than the statutory maximum penalty" for the offense and must be "served in its entirety at a full custodial Level V."[2]  A sentence under Section 4214(a) cannot be suspended.[3]

(3)     When pleading guilty, Hackett acknowledged that the Superior Court was required to impose no fewer than fifteen years at Level V, the statutory maximum for PWIDC.  In exchange for the plea, State agreed to drop other charges and to recommend that the Superior Court impose no more than fifteen years at Level V.

(4)     On February 16, 2007, the Superior Court sentenced Hackett to fifteen years of Level V incarceration under Section 4214(a) (hereinafter "the Sentence").  When doing so, the Superior Court imposed twenty years at Level V suspended after fifteen years for five years at Level IV halfway house in-patient substance abuse treatment suspended after nine months for eighteen months at Level III probation.  Hackett did not appeal the Sentence.

---

[1] 11 *Del. C.* § 4214(a)

[2] *Id.*

[3] *Id.*

(5) Between March 2007 and June 2014, Hackett filed a series of unsuccessful motions for correction or reduction of sentence.[4] On May 7, 2010, the Superior Court modified the Sentence to give Hackett thirteen days of credit time.

(6) In November 2014, Hackett filed a motion for correction of sentence under Rule 35(a). Hackett claimed that the suspended portion of the Sentence violated Section 4214(a), and he asked the Superior Court to correct the Sentence and impose fifteen years at Level V with "nothing to follow." The Superior Court construed the motion as a motion for reduction of sentence under Superior Court Criminal Rule 35(b) ("Rule 35(b)") and denied the motion as repetitive and untimely filed.[5] This appeal followed.

(7) On appeal, the parties agree that the Superior Court abused its discretion when it construed Hackett's sentence correction motion as a motion for reduction of sentence and denied the motion as repetitive and untimely. Also, the parties agree that the suspended portion of the Sentence violates Section 4214(a) and should be corrected. The parties disagree how the Sentence should be corrected.

---

[4] In the one instance when Hackett appealed the denial of a Rule 35(a) motion, this Court affirmed the Superior Court's judgment. *Hackett v. State*, 2008 WL 2192164 (Del. May 28, 2008).

[5] Del. Super. Ct. Crim. R. 35(b). Under Rule 35(b), a motion for reduction of sentence must be filed within ninety days of the imposition of sentence. The court will not consider repetitive requests for reduction of sentence.

(8)    Hackett argues that the Sentence should be corrected to remove the five years at Level V that were suspended for Levels IV and III. According to Hackett, when he has fully served fifteen years at Level V, he is entitled to be released from the sentence with "nothing to follow." The State argues that a fifteen-year sentence at Level V followed by no transition period would violate the requirements of 11 *Del. C.* § 4204(l) ("Section 4204(l)").[6] The State recommends that Hackett should be resentenced to fifteen years at Level V under Section 4214(a) followed by nine months at Level IV halfway house in-patient substance abuse treatment and eighteen months at Level III probation under Section 4204(l).

(9)    The Court agrees with the parties that the Superior Court abused its discretion when it denied Hackett's sentence correction motion as untimely and repetitive under Rule 35(b). An illegal sentence can be corrected "at any time."[7] Also, the Court agrees that the suspended portion of the Sentence is in violation of Section 4214(a) and must be corrected, and that the corrected sentence must include a transition period under Section 4204(l).[8]

(10)    When the Superior Court imposes a sentence consisting of Level V time with decreasing levels of supervision, each component of the sentence is

---

[6] *See* 11 *Del. C.* § 4204(l) (requiring that a Level V sentence of one year or more must include a transition period at either Level IV, III or II for a period of not less than six months).

[7] Del. Super. Ct. Crim. R. 35(a).

[8] *Nave v. State*, 783 A.2d 120, 122 (Del. 2001) ("The need for transition from prison back to society is even more apparent in the case of a habitual offender.").

4

integral to the overall sentencing plan.[9] "The interpretation of a sentence order should, whenever possible, give effect to the Superior Court's intent."[10] In this case, the Court agrees that a corrected sentence imposing fifteen years at Level V under Section 4214(a) followed by nine months at Level IV halfway house in-patient substance abuse treatment and eighteen months at Level III probation would be consistent with the original sentencing plan and comply with Section 4214(a) and Section 4204(l).

(11) The Court will vacate the Sentence and direct the Superior Court to conduct a new sentencing proceeding. Hackett and his defense counsel should receive notice of and attend the proceeding.[11]

NOW, THEREFORE, IT IS ORDERED that the Superior Court judgment on appeal is REVERSED. The sentence imposed on February 16, 2007 and modified on May 7, 2010 is VACATED. This matter is REMANDED to the Superior Court for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[9] *Defoe v. State*, 750 A.2d 1200, 1202 (Del. 2000).

[10] *Green v. State*, 2010 WL 2278251, at *2 (Del. June 7, 2010) (citing *Nave v. State*, 783 A.2d 120, 123 (Del. 2001)).

[11] *Jones v. State*, 672 A.2d 554, 556 (Del. 1996).