# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
)
)
v. ) **ID No. 1507016716**
)
)
)
ANTHONY M. ROJAS, )
)
Defendant. )

Submitted: July 14, 2016
Decided: July 28, 2016

## ORDER DENYING MOTION TO REDUCE OR MODIFY SENTENCE

This 28th day of July, 2016, upon consideration of the Defendant's

Motion for Sentence Modification, and the record in this matter, it appears to

the Court that:

(1)     On February 12, 2016, Defendant Anthony M. Rojas pleaded

guilty to one count of Drug Dealing—Heroin (Tier 4) (as a class B felony)

and one count of Possession of Marijuana (an unclassified misdemeanor).[1]

His sentencing occurred several months later, on June 14, 2016, after a pre-

sentence investigative report was prepared and the State had filed an habitual

---

[1]     Plea Agreement and TIS Guilty Plea Form, *State v. Anthony M. Rojas*, ID No. 1507016716 (Del. Super. Ct. Feb. 10, 2016) (D.I. 25). *See also* DEL. CODE ANN. tit. 16, § 4752 (2015) (drug dealing); *id.* at § 4764 (possession of marijuana).

criminal petition.[2] Rojas was sentenced: for Drug Dealing (Tier 4) (IN15-08-0332) – 8 years at Level V to be served under the provisions of the Habitual Criminal Act;[3] and for Possession of Marijuana (IN15-08-0333) – 3 months at Level V suspended for 1 year at Level III.[4]

(2) Rojas filed no direct appeal from his convictions or sentence.

(3) Instead, he docketed the present motion under Superior Court Criminal Rule 35(b) requesting: (a) reduction of his eight-year Level V term to four years, and (b) modification of his Level III supervision to thirty days at supervision Level 5.[5] According to Rojas, his term of imprisonment should be reduced and modified because: (a) he promises to participate in drug rehabilitation programs; (b) his mother is a single-parent taking care of

---

[2] DEL. CODE ANN. tit. 11, § 4214(a) (2015) (providing that a person who has been thrice previously convicted of a felony and is thereafter convicted of another felony may be declared an habitual criminal; the Court may then, in its discretion, impose a sentence of up to life imprisonment for that or any subsequent felony).

[3] *Id.* ("any sentence [ ] imposed pursuant to this subsection shall not be subject to suspension by the court, and shall be served in its entirety at a full custodial Level V institutional setting without the benefit of probation or parole, except that any such sentence shall be subject to the provisions of §§ 4205(h), 4217, 4381 and 4382 of this title.").

[4] Sentencing Order ("Sentencing Order"), *State v. Anthony M. Rojas*, ID No. 1507016716 (Del. Super. Ct. June 16, 2016) (D.I. 31).

[5] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion; providing also that the Court may reduce a term or the condition of partial confinement in probation); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

his fourteen year-old sister and eight year-old son; (c) he wishes to continue his education for drug counseling and human resources which is not available in prison; and (d) he wishes to continue pursuing education and training for his employment.[6]

(4)     The Court may consider such a motion "without presentation, hearing or argument."[7]  The Court will decide this motion on the papers filed.[8]

(5)     The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[9]  Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[10]  "The reason for such a rule is to give a sentencing judge a second chance to consider whether the

---

[6]     Def.'s Rule 35(b) Mot. at 2 (D.I. 32).

[7]     Super. Ct. Crim. R. 35(b).

[8]     When considering motions for sentence modification, this Court addresses any applicable procedural bars before turning to the merits. *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).  There are no *procedural* bars to consideration of Rojas's request under Rule 35(b).

[9]     *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[10]     *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

initial sentence is appropriate."[11] But, while the Court has wide discretion to reduce a sentence upon a timely Rule 35 application, the Court has no authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[12]

(6) As noted in the Court's Sentencing Order, only the first two years of Rojas's eight-year imprisonment term for heroin dealing comprise the minimum term that cannot be suspended or reduced.[13] Rojas's request to reduce his Level V term by half to four years, therefore, is left to the Court's discretion.[14]

(7) The Court has fully reviewed Rojas's application, the record in his case, his prior supervision history, and all sentencing information available. The Court noted the following aggravators in its Sentencing Order: (a) Rojas's prior violent and repetitive criminal activity, including his statutory eligibility for habitual criminal status; and (b) that it would

---

[11] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) (such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy).

[12] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[13] *See* DEL. CODE ANN. tit. 16, § 4752(1); *id.* at tit. 11, § 4205(b)(2).

[14] *See Rondon v. State*, 2008 WL 187964, at *1 (Del. 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").

-4-

unduly depreciate the nature and circumstances of his crimes to impose a lesser term.[15] The Court finds that when all sentencing factors in his case are considered, Rojas's stated aspirations may be commendable, but they do not warrant sentence reduction here. Instead, after a thorough review of the merits of Rojas's request, the Court finds its original sentencing judgments as to the Level V term for drug dealing is appropriate for the reasons stated at the time it was rendered.

(8)     Rojas has also requested that the Court modify the Level III portion of his sentence. That the Court cannot do. Because the Court imposed a period of incarceration totaling more than one year, 11 *Del. C.* § 4204(*l*) expressly requires it to "include as part of its sentence a period of custodial supervision at either Level IV, III or II for a period of not less than 6 months to facilitate the transition of the individual back into society."[16] At the Court's discretion, the supervisory period may be longer than six months[17] and may "be in addition to the maximum sentence of imprisonment

---

[15]     *See* Sentencing Order at 5.

[16]     DEL. CODE ANN. tit. 11, § 4204 (*l*) (2015).

[17]     *State v. Williams*, 2009 WL 3636767, at *1 (Del. Super. Ct. Sept. 16, 2009) ("[s]ection 4204(*l*) does not speak directly to a maximum sentence"); *Larson v. State*, 659 A.2d 228, 1995 WL 236650 (Del. 1995) (explaining that the six-month provision only acts as a cap on a supervisory sentence when the defendant is sentenced to the statutory maximum for each charge).

established by the statute."[18]  But the imposition of at least the minimum transition period is mandatory not discretionary.  "[T]he intent of section 4204(*l*) is to ensure that no incarcerated individual is returned directly to the community without any transition or follow-up supervision."[19]  And this is especially true for an habitual offender.[20]

(9)  Because Rojas was sentenced to more than one year of Level V supervision, Delaware law *requires* the Court to include probationary supervision for no less than six months.[21]  And because Rojas was not sentenced to the statutory maximum for his charges, the Court was not limited to six months of supervision.[22]

---

[18]  DEL. CODE ANN. tit. 11, § 4204(*l*) (2015).

[19]  *Nave v. State*, 783 A.2d 120, 122 (Del. 2001). *See also State v. Boston*, 2008 WL 4356278, at *1 (Del. Super. Ct. July 7, 2008) ("The legislature does not want inmates who have been in prison for a year or more to be released to the street without serving at least six months of transition probation.").

[20]  *Nave*, 783 A.2d at 122.

[21]  *See Owens v. State*, 2013 WL 6536758, *2 (Del. 2013) (finding that "the trial court's failure to include a period of probation in [defendant's] original sentence was an error" under section 4204(*l*)).

[22]  *See* n. 17, *supra.*

(10)  Accordingly, under the Court's permissible exercise of its discretion pursuant to Rule 35(b) and in accordance with section 4204($l$)'s mandated supervisory period, the Court **DENIES** Rojas's request to reduce or modify the terms of his sentence.

SO ORDERED this 28th day of July, 2016.

PAUL R. WALLACE, JUDGE

Original to Prothonotary

cc:  David H. Holloway, Deputy Attorney General
     James O. Turner, Esquire
     Mr. Anthony M. Rojas, *pro se*
     Investigative Services Office