IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEON HIGGIN, | § | |
| | § | No. 586, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1512000326 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 24, 2017
Decided: July 18, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

### O R D E R

This 18th day of July 2017, having considered the no-merit brief and motion to withdraw filed by the appellant's counsel, and the response filed by the State, it appears to the Court that:

(1)     On November 10, 2016, a Superior Court jury convicted the appellant, Deon Higgin, of Possession of a Deadly Weapon by a Person Prohibited. On December 2, 2016, the Superior Court sentenced Higgin to three years of mandatory imprisonment with no probation to follow. This is Higgin's direct appeal.

(2)     Higgin's counsel on appeal has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable

issues. By letter, Higgin's counsel provided him with a copy of the motion to withdraw, the no-merit brief and appendix in draft form, and a letter informing Higgin that he had the right to supplement the brief with written points. Higgin has not raised any issues for the Court's consideration. The State has responded to the no-merit brief submitted by Higgin's counsel and has moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] The Court also must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(4) The Court has reviewed the record and concluded that, with respect to Higgin's criminal conviction, this appeal is wholly without merit and devoid of any arguably appealable issue. As for Higgin's sentence, however, the Court has identified an error.

(5) Under 11 *Del. C.* § 4204(l), when the Superior Court imposes a period of Level V incarceration for one year or more, the court is required to impose a

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson v. Ohio*, 488 U.S. at 82.

period of custodial supervision at a lower level of supervision "to facilitate the transition of the individual back into society."[3] In Higgin's case, the three-year Level V sentence imposed on December 2, 2016, does not include the statutorily mandated transition period. For that reason, we must vacate the sentence and remand this matter for a new sentencing hearing, on notice, with Higgin and his defense counsel present.[4]

NOW, THEREFORE, IT IS ORDERED that:

A.      The State's motion to affirm is GRANTED IN PART. The Superior Court's judgment of conviction is AFFIRMED.

B.      The sentence imposed on December 2, 2016 is VACATED. This matter is REMANDED to the Superior Court for a new sentencing hearing on notice to the parties with Higgin and his defense counsel present. Jurisdiction is not retained.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] 11 *Del. C.* § 4204(l).
[4] *Nave v. State*, 783 A.2d 120, 121 (Del. 2001).