IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAMARE A. BRADLEY, | § | |
| | § | No. 109, 2020 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1404021615 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 4, 2020
Decided: July 9, 2020

Before **VAUGHN**, **TRAYNOR,** and **MONTGOMERY-REEVES**, Justices.

### O R D E R

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Lamare A. Bradley, filed this appeal from the Superior Court's denial of a motion for correction of illegal sentence.  The State has moved to affirm the judgment on the ground that it is manifest on the face of Bradley's opening brief that his appeal is without merit.  We agree and affirm.

(2)     In 2014, Bradley pleaded guilty to second-degree assault and terroristic threatening.  On February 4, 2015, the Superior Court sentenced Bradley as follows: for second-degree assault, as a habitual offender under 11 *Del. C.* § 4214(a), to eleven years of imprisonment, followed by two years of Level 3 probation; for

terroristic threatening, to one year of imprisonment, suspended for one year at Level 4 DOC Discretion, suspended after six months at Level 4 DOC Discretion for the balance of the sentence to be served at Level III probation.

(3)     On January 10, 2020, Bradley filed a motion for correction of illegal sentence. The Superior Court denied the motion on February 19, 2020, and Bradley has appealed. He argues that the two-year probationary period imposed as part of the sentence for his assault conviction is illegal under 11 *Del. C.* § 4204(*l*).[1] Specifically, he argues that the eleven-year prison term is a "statutory maximum" sentence and that the probationary term therefore cannot exceed six months under Section 4204(*l*).[2]

(4)     We review the denial of a motion for correction of an illegal sentence for abuse of discretion.[3] To the extent that the claim involves a question of law, we review the issue *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to

---

[1] Title 11, Section 4204(*l*) of the Delaware Code provides: "Except when the court imposes a life sentence or sentence of death, whenever a court imposes a period of incarceration at Level V custody for 1 or more offenses that totals 1 year or more, then that court must include as part of its sentence a period of custodial supervision at either Level IV, III or II for a period of not less than 6 months to facilitate the transition of the individual back into society. The 6-month transition period required by this subsection may, at the discretion of the court, be in addition to the maximum sentence of imprisonment established by the statute."

[2] *See, e.g.*, *Harris v. State*, 2014 WL 791855 (Del. Feb. 25, 2014) ("[W]here the original sentence imposed is the statutory maximum sentence, then the transition period under Section 4204(*l*) may not exceed six months.").

[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

[4] *Id.*

2

be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5) The Superior Court did not err in denying Bradley's motion for correction of sentence. Section 4204(*l*) establishes a minimum, not a maximum, period of transition time.[6] If the court imposes a prison term that is less than the maximum permitted by statute, the court may also impose a probationary period of more than six months.[7]

(6) In this case, the Superior Court imposed a sentence that was less than the maximum permitted by statute. The Superior Court sentenced Bradley under the habitual offender statute, which authorized a sentence of up to life imprisonment.[8] Because Bradley was sentenced to less than life imprisonment, the Superior Court was permitted to impose a probationary term that exceeded six months.[9]

---

[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[6] *Hackett v. State*, 2016 WL 4091242, at *2 (Del. July 18, 2016).

[7] *Id.* at *2 & n.9.

[8] *See* 11 *Del. C.* § 4214(a) (eff. July 3, 2013) (providing that, upon declaration that a defendant is a habitual offender, the court may, "in its discretion, impose a sentence of up to life imprisonment").

[9] *Hackett*, 2016 WL 4091242, at *2 & n.9. *See also Nave v. State*, 783 A.2d 120, 123 (Del. 2001) (stating that a sentence imposed under 11 *Del. C.* § 4214(a) could include ten years of imprisonment followed by five years of decreasing supervision).

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice