# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                           )
     v.                )
                           )     I.D. No. 2010001104
                           )
DANIEL MOPKINS,      )
                           )
         Defendant.   )

## ORDER

Submitted: February 8, 2023
Decided: March 7, 2023

**AND NOW TO WIT**, this 7th day of March, 2023, upon consideration of Daniel Mopkins ("Defendant")'s Motion for Modification/Reduction of Sentence under Superior Court Criminal Rule 35, the sentence imposed upon the Defendant, and the record in this case, it appears to the Court that:

1. On March 17, 2022, Defendant pled guilty to one count of Possession of a Firearm During the Commission of a Felony ("PFDCF") and one count of Reckless Endangering First Degree.[1] On June 3, 2022, Defendant was sentenced to: (1) for PFDCF, eight years at Level V, suspended after three years for transitioning levels of probation; and (2) for Reckless Endangering

---

[1] D.I. 13.

First Degree, five years at Level V, suspended for two years at Level III.[2]

2. On January 31, 2023, Defendant filed this Motion for Sentence Modification/Reduction, asking for "no probation."[3] In support, Defendant asserts that he is rehabilitated and employable, received funds from a small business association, and has been promoting literacy programs through various writings and publications. Further, he asserts that no probation would be good for "marketing."[4]

3. Under Superior Court Criminal Rule 35(b), the Court may reduce a sentence of imprisonment on a motion made within ninety days after the sentence is imposed.[5] Defendant filed this pending Motion 242 days after the sentencing. Defendant's Motion is time-barred. To overcome the ninety-day time bar, Defendant must show that "extraordinary circumstances" forgive the tardiness of his Motion.[6] Rehabilitation, employability, receipt of funds, promotion of literacy, and marketability do not constitute extraordinary circumstances to justify the delay.

---

[2] D.I. 15.
[3] D.I. 16.
[4] *Id.*
[5] Del. Super. Ct. Crim. R. 35(b).
[6] *See Colon v. State*, 900 A.2d 635, 638 (Del. 2006); *Washington v. State*, 2023 WL 2028713, at *2 (Del. Feb. 15, 2023) (citing *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) (explaining that extraordinary circumstances are the circumstances that "specifically justify the delay; are entirely beyond a petitioner's control; and have prevented the applicant from seeking the remedy on a timely basis.").

4.    Moreover, Defendant's request is statutorily barred. 11 *Del. C.* 4204(l) requires this Court to impose the period of custodial supervision as imposed.[7]

5.    The Sentence was appropriate for all the reasons stated at the time of sentencing.

**IT IS SO ORDERED** that Defendant's Motion for Sentence Modification is **DENIED.**

/s/Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:    Prothonotary
cc:    Defendant
         Investigative Services

---

[7] 11 *Del. C.* 4204(l) ("Except when the court imposes a life sentence or sentence of death, whenever a court imposes a period of incarceration at Level V custody for 1 or more offenses that totals 1 year or more, then that court must include as part of its sentence a period of custodial supervision at either Level IV, III or II for a period of not less than 6 months to facilitate the transition of the individual back into society. The 6-month transition period required by this subsection may, at the discretion of the court, be in addition to the maximum sentence of imprisonment established by the statute."); *see also Nave v. State*, 783 A.2d 120, 122 (Del. 2001) ("Section 4204(l) clearly requires the sentencing court to impose a period not less than six months of custodial supervision at Level IV, III, or II, i.e., probation, to follow any Level V sentence of one year or more.").