# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,   )
          )
 **v.**       )  **ID No. 2003011982**
          )  **Cr. A. No. N20-08-0095I**
OBADIAH D. MILLER,   )
      **Defendant.** )

Submitted: January 6, 2021
Decided: March 17, 2021

## ORDER DENYING MOTION TO REDUCE SENTENCE

This 17th day of March, 2021, upon consideration of the Defendant Obadiah D. Miller's Motion for Sentence Reduction (D.I. 7) and the record in this matter, it appears to the Court that:

(1) On August 6, 2020, Obadiah Miller entered a guilty plea before this Court in New Castle County to one count of Drug Dealing.[1]  He was immediately sentenced for that drug dealing charge (N20-08-0095I) to:  eight years at Level V suspended after six months at Level V for seven years at Level IV-Work Release suspended after six months at Level IV-Work Release for eighteen months at Level III.[2]  The effective date of this sentence is March 26, 2020, and Mr. Miller is to be

---

[1] Plea Agreement, *State v. Obadiah D. Miller*, ID No. 2003011982 (Del. Super. Ct. Aug. 6, 2020) (D.I. 4).

[2] Sentence Order, *State v. Obadiah D. Miller*, ID No. 2003011982 (Del. Super. Ct. Aug. 6, 2020) (D.I. 6).

held at Level V awaiting his placement at Level IV.[3] This is precisely the sentence Mr. Miller and the State had settled on in the their plea agreement.[4]

(2)     Mr. Miller committed his drug crime while he was on conditional release and probation related to a 2011 manslaughter conviction incurred in Kent County.[5] Any alleged violation of such supervision can trigger revocations of both conditional release and probation.[6] And Mr. Miller expressly understood and agreed that the resolution of his New Castle County drug dealing offense would in no way spare him any consequence in Kent County.[7] So, as a result of this new drug offense, his conditional release from the homicide conviction was revoked and Mr. Miller was required to serve the balance (eight months) of the original unsuspended and unserved Level V term from which he was conditionally released.[8]

---

[3]     *Id.*

[4]     Plea Agreement, at 1 ("STATE AND DEFENDANT AGREE to recommend:  8 years Level V suspended after 6 months Level IV (Work Release) followed by 18 months Level III.") (capitalization in original).

[5]     "'Conditional release' means the release of an offender from incarceration to the community by reason of diminution of the period of confinement through merit and good behavior credits.  A person so released [is] known as a releasee."   DEL. CODE ANN. tit. 11, §4302(4) (2020). Conditional release and probation are then served concurrently.  *Id.* at §4383(c).

[6]     *Oliver v. State*, 2015 WL 179390, at *1 (Del. Jan. 14, 2015) (quoting *Brinkley v. State*, 2011 WL 664238, at *1 (Del. Feb. 23, 2011)).

[7]     *See* Plea Agreement, at 1 ("*Note – Defendant has pending VOPs in case number 1011017124. The parties are in agreement that the VOPs will not be discharged as a result of this plea.  The VOPs will be handled separately in Kent County.").

[8]     Order Revoking Conditional Release, *State v. Obadiah D. Miller*, ID No. 1011017124 (Del. Super. Ct. Sept. 1, 2020) (ID No. 1011017124 - D.I. 30 and 33).  *See* DEL. CODE ANN. tit. 11,

While for the VOP-Manslaughter (VK11-02-0276-01) he received: 18 years at Level V suspended after one year at Level V followed by six months at Level IV-Work Release, eighteen months at Level III, and one year Level I-Restitution Only.[9] Mr. Miller's VOP-Manslaughter sentence was imposed and made effective on September 1, 2020. And that sentence was ordered to be served consecutively to any other sentence of confinement.[10]

(3) Mr. Miller filed no direct appeal from his drug dealing conviction or sentence, but has now filed a Rule 35(b) motion.[11] He essentially requests that the Court eliminate both the six-month Level V term and the six-month Level IV term he received for the drug dealing charge.[12]

(4) Mr. Miller suggests that the Court should grant this Level V reduction

---

§4382(a) (2020) (providing that a conditional releasee—that is, one still "subject to the custody of the Department at Level . . .V"—"shall upon the conviction of any crime during the term of the sentence, forfeit all good time accumulated to the date of the criminal act; this forfeiture is not subject to suspension."); *see also Brittingham v. State*, 2020 WL 5405881, at *2 (Sept. 4, 2020) (observing that now Superior Court exercises jurisdiction to issue such conditional release revocation orders along with its jurisdiction over the accompanying "'traditional' VOPs").

[9] VOP Sentence Order, *State v. Obadiah D. Miller*, ID No. 1011017124 (Del. Super. Ct. Sept. 1, 2020) (ID No. 1011017124 - D.I. 34).

[10] *Id*.

[11] Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[12] Def. 1st Rule 35(b) Mot., at 2-3 (D.I. 7). The Court presumes Mr. Miller asks this now so as to advance the effective date of his VOP-Manslaughter sentence six months.

and eliminate his work-release term because: (a) he believes, as an asthmatic, he is at a particularly higher risk for COVID-19 infection and more serious effects therefrom; (b) his "changed perspective" and rehabilitation; (c) he believes his imprisonment is unduly hindering his "business plans"; and (d) he believes that he has served about half of his cumulative Level V term and "at this point [is] simply being 'warehoused.'"[13]

(5) The Court may consider this motion "without presentation, hearing or argument."[14] The Court will decide the motion on the papers filed and the complete record in Mr. Miller's case.

(6) When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[15]

(7) "Rule35(b) requires that an application to reduce imprisonment be filed promptly—i.e. within 90 days of the sentence's imposition—'otherwise, the Court loses jurisdiction' to act thereon."[16] An exception to this bar exists: to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment

---

[13]  *Id.* at 2.

[14]  Super. Ct. Crim. R. 35(b).

[15]  *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[16]  *Redden,* 111 A.3d at 607 (internal citations omitted).

on his own motion must demonstrate "extraordinary circumstances."[17] A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to uphold the finality of sentences.[18]

(8) The term "extraordinary circumstances" is generally defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[19] "And for the purposes of Rule 35(b), 'extraordinary circumstances' have been found only 'when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[20] In short, Rule 35(b) is a rule limited to reconsideration and altering of a sentence after the 90-day motion deadline "only when there is a truly compelling change in that inmate's individual circumstances that presents an urgent need for revision of the sentence's terms."[21]

---

[17] *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

[18] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[19] *Diaz*, 2015 WL 1741768, at *2 (citing BLACK'S LAW DICTIONARY (10th ed. 2014)); *id.* (Observing also that, in the Rule 35(b) context, "'extraordinary circumstances' are those which 'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"); *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

[20] *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. Ct. 2019) (quoting *Fountain v. State*, 139 A.3d 837, 842 n.20 (Del. 2016)).

[21] *Id.*

(9)     To the extent Mr. Miller is arguing that his underlying medical conditions and potential exposure to COVID-19 constitute "extraordinary circumstances" under Rule 35(b), they do not; "[j]ust incanting 'COVID-19' is inadequate to shoulder the heavy burden placed on one to establish 'extraordinary circumstances' under Rule 35(b)."[22] Rather, as this Court and the Delaware Supreme Court have instructed others who have raised COVID-19 concerns: "[S]hould Mr. [Miller]'s specific individual medical circumstance warrant sentence reduction, then the proper vehicle to deliver such relief is an application by the Department of Correction under 11 *Del. C.* § 4217."[23]

(10)    The other factors Mr. Miller mentions—rehabilitative efforts and financial hardship—are each and collectively of a sort Delaware courts have rejected as adequate to shoulder the heavy burden placed on one to establish "extraordinary circumstances" under Rule 35(b).[24]

(11)    Mr. Miller's failure to meet Rule 35's "extraordinary circumstance"

---

[22]  *State v. Jones*, 2020 WL 4483673, at *2 (Del. Super. Ct. Aug. 4, 2020) (citing *State v. Lindsey*, 2020 WL 4038015, at *2 (Del. Super. Ct. July 17, 2020) (collecting cases)).

[23]  *Lindsey*, 2020 WL 4038015, at *3; *Johnson v. State*, 2020 WL 5626231, at *2 (Del. Sept. 18, 2020) (same); *Williams v. State*, 2020 WL 7311325, at *1 (Del. Dec. 10, 2020) (same).

[24]  *E.g.*, *Jones v. State*, 2003 WL 356788 (Del. Feb. 14, 2003) (holding that financial and familial hardships, without more, did not constitute extraordinary circumstances.); *State v. Culp*, 152 A.3d 141, 145-46 (Del. 2016) (collecting cases) (participation in educational and rehabilitative programs does not constitute "extraordinary circumstances" for purposes Rule 35(b)); *Redden,* 111 A.3d at 607-08 (same).

criterion prohibits this Court from considering his time-barred prayer for reduction of his Level V term.

(12) But, as this is a first application for modification of his term of partial confinement or probation, there are no bars to consideration of that prayer in Mr. Miller's request under Rule 35(b).[25]

(13) It is worth mentioning first that Mr. Miller expressly agreed to the now-challenged terms of the sentence imposed (six months at Level V *and* six months at Level IV-Work Release), obtained the benefit of that express agreement, but now expressly asks the Court to undercut it by completely gutting the confinement and partial confinement terms from his new drug dealing sentence.[26] While not controlling, that's a proper factor for the Court to consider when addressing a Rule 35(b) motion.[27]

(14) Nevertheless, the Court has fully reviewed Mr. Miller's application, the record of his case, Mr. Miller's prior supervision history, and all sentencing information available. Mr. Miller demonstrated a lack of amenability to community

---

[25] *See Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011) (finding this Court erred in holding that motion for modification of Level IV time was subject to ninety-day period but could be affirmed because motion was repetitive); *State v. Bennett*, 2015 WL 1746239, at *2 (Del. Super. Ct. Apr. 13, 2015) (bar to repetitive motions is applicable to requests for modification of a Level IV term of a sentence).

[26] Def.'s Rule 35(b) Mot. at 2.

[27] *See, e.g.*, *State v. Colburn,* 2015 WL 1881181, at *3 (Del. Super. Ct. Apr. 24, 2015).

supervision when he committed a new felony while on release from a homicide conviction. As a result, a Level IV term, *i.e.*, a period in a highly structured work - release supervision setting, was imposed as a component of Mr. Miller sentence integral to the Court's overall "sentencing scheme" or "plan."[28] The Court finds that when all sentencing factors in his case are considered, Mr. Miller's stated aspirations may be commendable, but they do not compel a modification of the partial confinement term ordered. Instead, after thorough review of the merits of Mr. Miller's request, the Court finds its original sentencing judgment remains appropriate.

**NOW, THEREFORE, IT IS ORDERED** that Mr. Miller's application to reduce his sentence of imprisonment is procedurally barred and must be **DENIED**. Having reviewed the merits of his request to modify his Level IV term, the Court, exercising its discretion under Rule 35(b),[29] **DENIES** Mr. Miller's request for modification (elimination) of his term of work release.

_____
Paul R. Wallace, Judge

Original to Prothonotary

---

[28] *See Defoe v. State*, 750 A.2d 1200, 1202 (Del. 2000).

[29] *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court."); *Kiser v. State*, 2010 WL 5141242, at *1 (Del. Dec. 10, 2010) (same for motion that seeks reduction or modification of partial confinement).

cc: Mr. Obadiah D. Miller, *pro se*
Amanda D. Buckworth, Deputy Attorney General
Investigative Services Office