**William L. DEFOE, Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

No. 48, 2000.

Supreme Court of Delaware.

Submitted: March 9, 2000.
Decided: April 28, 2000.

---

**45.** *Henslee v. Union Planters Nat'l. Bank,* 335 U.S. 595, 600, 69 S.Ct. 290, 93 L.Ed. 259 (1949).

William L. Defoe, pro se.

Elizabeth R. McFarlan, Department of Justice, Wilmington, Delaware for appellee.

Before WALSH, HOLLAND and HARTNETT, Justices.

HOLLAND, Justice:

The defendant-appellant, William L. Defoe, filed this appeal from an order of the Superior Court denying his Motion for Correction of Sentence pursuant to Superior Court Criminal Rule 35. We have concluded that Defoe's motion was properly denied. Therefore, the judgment of the Superior Court is affirmed. Nevertheless, we hold that Defoe is entitled to periodic review by the Superior Court until its original sentencing plan is either implemented or modified by the Superior Court.

### Facts

In 1998, Defoe was charged with Burglary in the Second Degree, Burglary in the Third Degree, Theft, Possession of Burglar's Tools and Criminal Mischief. In March 1999, Defoe entered a plea of guilty to Burglary in the Second and Third Degrees. The State dismissed the remaining charges.

On the Burglary in the Second Degree charge, Defoe was sentenced to three years incarceration at Level V, to be suspended after thirty months for six months at Level IV work release. As a condition of this sentence, Defoe was to be held at Level V by the Department of Corrections until such time as space was available at Level IV. On the Burglary in the Third Degree charge, Defoe was sentenced to three years incarceration at Level V, to be suspended for three years at Level III, in turn to be suspended after one year for two years at Level II. Defoe did not file a direct appeal of his convictions or sentences.

### Defoe's Contentions

In this appeal, Defoe has presented three claims. First, he argues by imposing the condition that he remain at Level V pending space availability at Level IV, the Superior Court gave prison officials discretionary authority to modify his sentence in violation of his due process rights. Second, he contends the statute pursuant to which he was sentenced does not encompass the condition imposed by the Superior Court, rendering the condition illegal. Third, he submits the imposition of the condition violated the terms of his plea agreement.[1]

### Rule 35 Motion

Rule 35(a) permits the Superior Court to correct an illegal sentence "at any time." "Relief under Rule 35(a) is available 'when the sentence imposed exceeds the statutorily-authorized limits, [or] violates the Double Jeopardy Clause ....' "[2] "A sentence is also illegal if it 'is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize.' "[3]

---

1. Defoe also appears to argue that Super. Ct.Crim. R. 32.1 requires that a defendant incarcerated at Level V awaiting placement at Level IV be afforded a hearing. Rule 32.1 relates, however, only to the procedure to be followed before a defendant's partial confinement or probation is revoked or modified following an alleged violation of the partial confinement or probation.

2. *Brittingham v. State*, Del.Supr., 705 A.2d 577, 578 (1998) (quoting *United States v. Pavlico*, 4th Cir., 961 F.2d 440, 443 (1992)).

3. *Id.* (quoting *United States v. Dougherty*, 10th Cir., 106 F.3d 1514, 1515 (1997)).

██ To the extent Defoe's claims can be construed as claims to correct a sentence imposed in an illegal manner pursuant to Rule 35(a) or for reduction of sentence pursuant to Rule 35(b), they were submitted more than ninety days after the imposition of the sentence. Defoe has made no showing of extraordinary circumstances to overcome that filing requirement. Consequently, those claims are time barred.[4]

██ Defoe contends that the condition requiring him to remain at Level V after he has completed his Level V time, pending space availability at Level IV, illegally confers discretionary authority upon prison officials to decide when he will be transferred to Level IV. Imposition of the condition that a prisoner continue to be held at Level V pending space availability at Level IV is within the Superior Court's discretion[5] and reflects current SENTAC policy. In an analogous situation, where a defendant is directly sentenced to Level IV and has remained at Level V pending slot availability at Level IV for a period of ninety days or one-half of the Level IV sentence (whichever is less), the Department of Corrections may place the individual at Level III supervision and make appropriate sentence modification recommendations to the sentencing judge.[6]

### Judicial Review Pending Level IV Availability

There is no merit to Defoe's claims in the instant appeal. We recommend, however, that the Superior Court and SENTAC consider the implementation of a procedure for sentencing judges to review the status of prisoners who complete their Level V sentence but remain at Level V confinement pending space availability at

Level IV. When the Superior Court imposes a sentence consisting of Level V time with decreasing levels of supervision, as in Defoe's case, each component of that sentence is integral to the sentencing judge's overall "sentencing scheme" or "plan."[7] The unavailability of Level IV space may result in a prisoner serving substantially more Level V time than was originally contemplated by the sentencing judge. A periodic review of the status of a prisoner at Level V awaiting placement at Level IV would provide a means for the sentencing judge to make sure the prisoner's degree of confinement is in conformity with the intent of the original sentencing plan.

### Conclusion

The judgment of the Superior Court be, and the same hereby is, AFFIRMED. The Clerk of this Court is directed to send a copy of this opinion to the President Judge of the Superior Court and the Chairperson of the Sentencing Accountability Commission.

---

4. To the extent Defoe's claim that his plea agreement was violated can be construed as a claim for postconviction relief, it is procedurally barred because it was not asserted in the proceedings leading to the judgment of conviction. Defoe has failed to demonstrate either cause for relief or prejudice from a violation of his rights. Super. Ct.Crim. R. 61(i)(3).

5. *Stokes v. State*, Del.Supr., No. 462, 1995, Walsh, J., 1996 WL 145783 (Feb. 26, 1996) .

(ORDER); *Warren v. State*, Del.Supr., No. 99, 1998, Veasey, C.J., 1998 WL 382640 (June 12, 1998) (ORDER); SENTAC Benchbook, January 2000.

6. SENTAC Benchbook, January 2000, "Statements of Policy," no. 28.

7. *White v. State*, Del.Supr., 576 A.2d 1322, 1323, 1328 (1990).