# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **ID No. 1407015223** |
| | ) | |
| **SHAWN E. WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Submitted: January 21, 2015
Decided: February 19, 2015

## ORDER DENYING MOTION TO REDUCE SENTENCE

This 19th day of February, 2015, upon consideration of the Defendant's Motion for Sentence Reduction and Modification and the record in this matter, it appears to the Court that:

(1)     In August 2014, Defendant Shawn E. Williams pleaded guilty to four crimes:  Drug Dealing in Heroin (as a class D felony), Endangering the Welfare of a Child, Drug Dealing in Heroin (as a class B felony), and Resisting Arrest.[2]  The offenses arose from two different criminal episodes

---

[2]     DEL. CODE ANN. tit. 16, § 4754(1) (2014) (drug dealing in heroin of no specified tier quantity); DEL. CODE ANN. tit. 11, § 1102(a)(6) (2014) (endangering the welfare of a child – committing drug offenses in a dwelling where the child is present); DEL. CODE

but, because Williams waived indictment and entered into one dispositive plea agreement, they were heard in one proceeding.[3]

(2) His sentencing occurred several months later, on November 7, 2014, after a pre-sentence investigative report was prepared. Williams was sentenced to serve: Drug Dealing (N14-07-2079I – a class B felony) – two years at Level V during which he is to participate in the Key program;[4] Drug Dealing (IN14-06-0879 – a class D felony) – eight years at Level V suspended for 8 years at Level IV-Crest suspended after six months for 18 months of Level III-Crest Aftercare.[5] The sentence has an effective date of July 19, 2014, and the two years of imprisonment for Drug Dealing-Tier 4 Weight (N14-07-2079I), because it is a class B felony, is a minimum term of incarceration that must be imposed and cannot be suspended or reduced.[6] Williams filed no direct appeal from his convictions or sentences.

---

ANN. tit. 16, § 4752(1) (2014) (drug dealing in heroin - tier 4 weight); and DEL. CODE ANN. tit. 11, § 1257 (2014) (resisting arrest).

[3] *See* Plea Agreement and TIS Guilty Plea Form, *State v. Shawn E. Willaims*, ID Nos. 1406002869 & 1407015223 (Del. Super. Ct. Aug. 28, 2014).

[4] "'Key' refers to the Key Therapeutic Community, a six to eighteen month drug treatment program established by the Delaware Department of Correction." *State v. Lennon*, 2003 WL 1342983, at *1 (Del. Mar. 11, 2003).

[5] Crest and "'Crest After-Care' refer[] to [] related, though less restrictive, program[s]." *Id.*

[6] DEL. CODE ANN. tit. 16, § 4752 (2014); *id.* at tit. 11, §§ 4205(b)(2) & (d) (2014) (sentence "[f]or a class B felony [is] not less than 2 years . . . [and any] minimum,

(3)    Williams now has filed the present motion under Superior Court Criminal Rule 35(b) requesting reduction or elimination of the Level V and IV terms of his sentences for the drug dealing charges.[7]  In short, Williams requests that his Level V term be suspended upon completion of the Key program and that he go directly to Level III after he has completed the Key program, eliminating the Level IV treatment component of his current sentence.  This relief is appropriate, he claims, because:  (1) once he completes the Key program he will be rehabilitated; (2) he has familial care and financial obligations; (3) his remorse; and (4) he has a job waiting for him upon release.[8]

(4)    The Court may consider Williams's motion "without presentation, hearing or argument."[9]  The Court will decide his motion on the papers filed[10] and the complete sentencing record in Williams's case.

---

mandatory, mandatory minimum or minimum mandatory sentence [ ] required by subsection (b) of [§ 4205] . . . shall not be subject to suspension by the court").

[7]    Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion; providing also that the Court may reduce a term or the conditions of partial confinement or probation).

[8]    Def. Rule 35(b) Mot. at 2.

[9]    Super. Ct. Crim. R. 35(b).

[10]    When considering motions for sentence modification, this Court addresses any applicable procedural bars before turning to the merits. *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Ct. Dec. 16, 2014).   There are no *procedural* bars to consideration of Williams's request under Rule 35(b). *See, e.g., State v. Comeger*, 2015 WL 74260, at *2

-3-

(5) The intent of Superior Court Criminal Rule 35(b) has historically been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[11] Where a motion for reduction of sentence is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[12] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[13] But, while the Court has wide discretion to reduce a sentence upon a timely Rule 35 application, the Court has no authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[14]

(6) As noted above, the two years of imprisonment for one count of drug dealing (N14-07-20791), because that offense is a class B felony, is

---

(Del. Super. Ct. Jan. 5, 2015) ("Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment."); *see also Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011) (finding this Court erred in holding that motion for modification of Level IV time was subject to ninety-day period).

[11] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (*per curiam*).

[12] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[13] *State v. Reed*, 2014 WL 7148921, at *2 (Del. Super. Ct. Dec. 16, 2014).

[14] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

a minimum term of incarceration that must be imposed and cannot be suspended or reduced.[15] Williams's requested modification of the Court's sentencing order would not require him to serve two years at Level V. It would only require him to complete the Key program (which could take far less than two years) before he would be released from Level V. That would clearly violate the two-year minimum at Level V set out in 11 *Del. C.* § 4205(b).[16] In turn, the Court must deny Williams's motion to reduce his Level V term for the class B drug dealing count (N14-07-2079I).

(7) Williams has also requested that the Court eliminate the Level IV-Crest portion of his sentence imposed for the other drug dealing offense (IN14-06-0879). That Level IV term, *i.e.*, a period in a highly structured community-based supervision setting with substance abuse treatment complimentary to that engaged in the Key program, is a component of his sentence that is integral to the Court's overall "sentencing scheme" or "plan."[17] Here the Court found that a term of Level IV supervision in such a setting would best address Williams's treatment needs and facilitate his transition to lower levels of supervision and to society. The Court has fully

---

[15] *See* n.6, *supra.*

[16] *See State v. Lennon,* 2003 WL 1342983, at *1 (Del. Mar. 11, 2003).

[17] *Defoe v. State,* 750 A.2d 1200, 1202 (Del. 2000).

reviewed Williams's application, the record of the two subject cases, Williams's supervision history, and all sentencing information available. The Court finds the Level IV-Crest term of the sentence remains appropriate for the reasons stated at the time of sentencing. In turn, the Court will exercise its discretion[18] under Rule 35(b) and deny Williams's request to reduce or modify the Level IV term of his sentence.

**NOW, THEREFORE, IT IS ORDERED** that Shawn E. Williams's motion for reduction or modification of sentence is **DENIED**.

**SO ORDERED this 19th day of February, 2015.**

**PAUL R. WALLACE, JUDGE**

Original to Prothonotary

cc: Barzilai Axelrod, Deputy Attorney General
    Kevin P. O'Neill, Esquire
    Mr. Shawn E. Williams, *pro se*
    Investigative Services Office

---

[18] *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court."); *Kiser v. State*, 2010 WL 5141242, at *1 (Del. Dec. 10, 2010) (same for motion that seeks reduction or modification of partial confinement).