IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHANE E. McCREARY, | § | |
| | § | No. 405, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1410015328 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  August 19, 2016
Decided:    October 24, 2016

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

### O R D E R

This 24th day of October 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)     On July 31, 2015, the Superior Court sentenced the appellant, Shane E. McCreary, effective October 22, 2014, to a total of six years of unsuspended mandatory Level V incarceration—three years each on two counts of Robbery in the First Degree—followed by six months at Level IV, DOC discretion, and two years of concurrent Level III probation.[1]

---

[1] McCreary was also given suspended sentences on two counts of Robbery in the Second Degree.

(2)     While at Level V, McCreary is required to successfully complete a Level V substance abuse program (hereinafter "Program").  Reference to the Program in the written sentence order is in the section of the order imposing the first three-year sentence for the first count of Robbery First Degree.

(3)     On July 11, 2016, McCreary filed a "motion for rule to show cause" (hereinafter "Motion") asking the Superior Court to issue an order directing the Department of Correction ("DOC") to show cause why it should not be held in contempt of court for violating the July 31, 2015 sentence order.   According to McCreary, because the Program is associated with the three-year sentence imposed for the first count of Robbery in the First Degree, the DOC is required to place him in the Program within the first three years of the sentence.  By order dated July 19, 2016, the Superior Court denied the Motion.  This appeal followed.

(4)     When the Superior Court imposes a sentence consisting of Level V incarceration with decreasing levels of supervision, each component of the sentence is integral to the court's overall sentencing plan.[2]  To maximize the effectiveness of a Level V substance abuse program and thus facilitate a defendant's transition to Level IV, the DOC typically will sequence a sentence so that a defendant is placed in the program close to the defendant's release from

---

[2] *Smith v. State*, 2007 WL 1599988 (Del. June 5, 2007) (citing *Defoe v. State*, 750 A.2d 1200, 1202 (Del. 2000)).

Level V.[3]  Placing an inmate within the prison system is within the wide spectrum of the DOC's discretionary actions.[4]

(4)  In his opening brief on appeal, McCreary continues to argue that he is entitled to a show cause order for the DOC's failure to comply with the July 31, 2015 sentence order.  We agree with the State's position on appeal that McCreary, in effect, seeks mandamus relief.[5]

(5)  The Superior Court has the discretion to issue a writ of mandamus to the DOC, but only when the petitioner has demonstrated a clear right to the performance of a duty.[6]  In this case, we conclude that McCreary has not demonstrated that the DOC has a duty to place him in the Program within the first three years of his six-year Level V sentence.[7]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] *See Smith v. McBride*, 2016 WL 613839 (Del. Super. Feb. 3, 2016) (discussing DOC practice), *aff'd*, 2016 WL 4191928 (Del. Aug. 4, 2016).

[4] *Bagwell v. Prince*, 1996 WL 470723, at *2 (Del. Aug. 9, 1996) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).

[5] *See* 10 *Del. C.* § 564 (governing mandamus proceedings in Superior Court)

[6] *Id.  Clough v. State*, 686 A.2d 158, 159 (Del. 1996).

[7] *Accord Smith*, 2016 WL 4191928 (Del. Aug. 4, 2016), *supra* note 3.

3