# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **ID No. 1607005177** |
| | ) | |
| | ) | |
| **EDWARD L. POWELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Submitted: August 9, 2017
Decided:  September 27, 2017
Corrected: October 2, 2017

## ORDER DENYING MOTION TO REDUCE OR MODIFY SENTENCE

This 27th day of September, 2017, upon consideration of the Defendant Eric L. Powell's Motion for Sentence Reduction or Modification (D.I. 19), and the record in this matter, it appears to the Court that:

(1)    On January 30, 2017, Defendant Edward L. Powell ("Powell") pled guilty to one count each of Possession of a Deadly Weapon by a Person Prohibited and Endangering the Welfare of a Child.[1]  His sentencing occurred several months later, on May 9, 2017.[2]  Powell was sentenced: for Possession of a Deadly Weapon

---

[1]    Plea Agreement, *State v. Powell*, ID No. 1607005177 (Del. Super. Ct. Jan. 30, 2017) (D.I. 11).

[2]    *See* Sentencing Order, *State v. Powell*, ID No. 1607005177 (Del. Super. Ct. May 9, 2017) (D.I. 18).

by a Person Prohibited (IN16-07-1202) – 2 years at Level V, suspended after six months at supervision Level V for one year and six months at Level IV (DOC Discretion), suspended after six months at Level IV for one year at Level III, to be served under the provisions of the Habitual Criminal Act;[3] and for Endangering the Welfare of a Child (IN16-07-1489) – 1 year at Level V suspended for 1 year at Level II (DOC Discretion).

(2)    Powell filed no direct appeal from his convictions or sentence.

(3)    Instead, he docketed the present motion under Superior Court Criminal Rule 35(b)[4] requesting: (a) that he be released from Level V; and (b) that he be held at Level III until Level IV is available. According to Powell, his term of imprisonment should be reduced and his terms of confinement modified because: (a) his family needs his support; (b) he requires medical care; (c) he is concerned he will lose his home after certain missed payments; (d) he received ineffective

---

[3]    DEL. CODE ANN. tit. 11, § 4214(a) (2016) (providing that a person who has been thrice previously convicted of a felony and is thereafter convicted of another felony may be declared an habitual criminal; the Court may then, in its discretion, impose a sentence of up to life imprisonment for any subsequent felonies); *id*. at § 4214(e) (allowing for a suspension of a portion of a habitual criminal sentence imposed under now-existing § 4214(a)).

[4]    Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may reduce a sentence of imprisonment on an inmate's motion; providing also that the Court may reduce a term or the condition of partial confinement or probation); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

assistance of counsel;[5] and (e) he has had difficulty thus far coordinating the terms of his Level IV confinement.

(4)    The Court may consider such a motion "without presentation, hearing or argument."[6]  The Court will decide this motion on the papers filed.[7]

(5)    The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[8]  Where a motion for reduction of sentence of imprisonment

---

[5]    Powell's ineffective assistance of counsel claim premised on his trial counsel's failure to file a Rule 35(b) motion is of no moment here.  Powell has no right to the appointment of counsel to pursue a sentence reduction motion under Rule 35.  Rather, whether counsel be appointed or retained, her duties of representation generally end upon direct appeal.  *See* Super. Ct. Crim. R. 44(a) (providing for assignment of counsel "at every stage of the proceedings from initial appearance . . . through appeal"); Del. Supr. Ct. R. 26(a) (providing that trial court counsel has a general duty to docket a direct appeal "whenever the client desires to appeal" and to "continue to represent the client on appeal").

And besides, the Court is considering Powell's timely *pro se* Rule 35(b) motion on the merits.  So he can hardly claim prejudice.  *See Alston v. State*, 2015 WL 5297709, at *3 (Del. Sept. 4, 2015) (even in a proceeding where a claim of ineffective assistance of counsel is cognizable, the inmate "must make specific allegations of how defense counsel's conduct actually prejudiced the proceedings, rather than mere allegations of ineffectiveness"); *see also Ploof v. State*, 75 A.3d 811, 825 (Del. 2013) ("*Strickland* [*v. Washington,* 466 U.S. 668, 694 (1984)] is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant."); *Swan v. State*, 28 A.3d 362, 383 (Del. 2011) (observing that *Strickland* requires that an inmate make both showings – deficient performance and prejudice – and "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'") (quoting *Strickland*, 466 U.S. at 697).

[6]    Super. Ct. Crim. R. 35(b).

[7]    When considering motions for sentence modification, this Court addresses any applicable procedural bars before turning to the merits.  *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).  There are no procedural bars to consideration of Powell's request under Rule 35(b).

[8]    *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[9] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[10]

(6)     The Court has fully reviewed Powell's application, the record in his case, his prior supervision history, and all sentencing information available. The Court noted the following aggravators in its Sentencing Order: (a) Powell's repetitive criminal activity and statutory habitual criminal offender status; (b) "the vulnerability of the children victims who witnessed [Powell]'s behavior"; and (c) "that . . . it would unduly depreciate the nature and demonstrate[d] circumstances of this offense and [Powell]'s history of endangering others to impose a lesser sentence."[11] The Court finds that when all sentencing factors in his case are considered, Powell's family and changed residential circumstances do not warrant sentence reduction here. Nor does Powell allege sufficient grounds for his claim of inadequate medical treatment. Instead, after a thorough review of the merits of Powell's request, the Court finds its original sentencing judgment as to the Level V

---

[9]     *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[10]     *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (internal citations and quotations omitted) (such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy).

[11]     *See* Sentencing Order at 4.

term for Powell's Possession of a Deadly Weapon by a Person Prohibited conviction appropriate for the reasons stated at the time it was rendered. The Court further finds its judgment as to the structure of the non-incarcerative terms of Powell's sentence remains integral to the Court's "sentencing scheme" or "plan" in Powell's case.[12]

(7)     In turn, the Court will exercise its discretion[13] under Rule 35(b) and **DENY** Powell's request to reduce or modify the Level V, IV and III terms of his sentence.

**SO ORDERED this 27th day of September, 2017.**

*/s/ Paul R. Wallace*
**Paul R. Wallace, Judge**

Original to Prothonotary

cc:     Amanda DiLiberto, Deputy Attorney General
        Kathryn A.C. van Amerongen, Esquire
        Mr. Edward L. Powell, *pro se*
        Investigative Services Office

---

[12]     *See Defoe v. State*, 750 A.2d 1200, 1202 (Del. 2000).

[13]     *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court."); *Kiser v. State*, 2010 WL 5141242, at *1 (Del. Dec. 10, 2010) (same for motion that seeks reduction or modification of partial confinement).