# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                             )
**v.**                            )      **ID No. 1607011243**
                             )
**AARON L. BOLLING,**     )
              **Defendant.** )

Submitted: May 5, 2021
Decided: June 14, 2021

## ORDER DENYING MOTION TO REDUCE AND MODIFY SENTENCE

This 14th day of June, 2021, upon consideration of the Defendant's Motion for Sentence Reduction and Modification (D.I. 16),[1] the State's response thereto (D.I. 18), the Defendant's Reply and supplement (D.I. 19 and 20), and the record in this matter, it appears to the Court that:

(1)     In February 2017, Aaron L. Bolling, pleaded guilty to one count of first degree robbery and one count of second degree conspiracy in exchange for dismissal

---

[1]   Mr. Bolling captions his application a "Modification, Deferral, Suspension or Reduction of Sentence for Serious Physical Illness, Injury or Infirmity." D.I. 16. Therein, he cites various constitutional provisions, state statutes, and cases. *Id.* But, at bottom, he appears to recognize that this motion is governed by Superior Court Criminal Rule 35(b). *See* Def. Repl., at 3 (D.I. 19) (citing Rule 35(b) and its "extraordinary circumstance" exception); *see also* Super. Ct. Crim. R. 35(b) (Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion; providing also that the Court may reduce a term or the conditions of partial confinement or probation); *and Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

- 1 -

of the other indicted charges and the State's capped sentencing recommendation.[2] Thereafter, on April 25, 2017, he was sentenced as follows: (a) for Robbery First Degree—15 years at Level V suspended after serving six years at Level V for nine years at Level IV-DOC Discretion, suspended after serving six months at Level IV for two years of supervised probation; and (b) for Conspiracy Second Degree—one year Level V suspended in whole for a concurrent probated term.[3] The effective date of Mr. Bolling's sentence is October 5, 2016.[4]

(2)     Mr. Bolling filed no direct appeal from his convictions or sentence.

(3)     Instead, within a month of his sentencing, Mr. Bolling (with the assistance of his plea counsel) filed an application under Superior Court Criminal Rule 35(b) requesting that the Court "simply acknowledge this Motion as Defendant Bolling's request to present a more thorough Motion for Modification, at some point in the future."[5] Put another way, Mr. Bolling was asking that the Court deem that reduction motion timely, hold it in abeyance, and consider reducing his term of imprisonment at some unspecified future date after he might have a "chance to prove

---

[2]     Plea Agreement, *State v. Aaron L. Bolling*, I.D. No. 1607011243 (Del. Super. Ct. Feb. 20, 2017) (D.I. 9).

[3]     Sentence Order, *State v. Aaron L. Bolling*, I.D. No. 1607011243 (Del. Super. Ct. Apr. 25, 2017) (D.I. 13).

[4]     *Id.* at 1.

[5]     Def. 1st Rule 35(b) Mot., at 2 (D.I. 14).

[him]self, as a model inmate, and/or take advantage of any rehabilitative tools and programs, offered by the Department of Corrections."[6] Because the Court will not accept filing of a timely Rule 35(b) motion as a "placeholder" or "bookmark" for the Court to retain and exercise jurisdiction over the life of an inmate's sentence, Mr. Bolling's May 2017 motion was denied.[7]

(4) Mr. Bolling has now filed a second Rule 35(b) motion.[8] He essentially requests the Court to reduce his Level V term to time-served[9] and argues the Court should grant this Level V reduction now due to "extraordinary circumstances" brought on by the COVID-19 pandemic.[10] Mr. Bolling asks the Court to also modify

---

[6] *Id.*

[7] D.I. 15 (citing *State v. Tollis*, 126 A.3d 1117, 1121, 1124 (Del. Super. Ct. 2016), which held that "this Court's two distinct sources of sentence reduction or modification authority (*i.e.*, its statutory authority and its inherent authority) [do not] fashion some form of judicially-supervised parole.").

[8] Def. 2nd Rule 35(b) Mot., Repl., and Supp. (D.I. 16, 19-20). In the first of his recent filings, Mr. Bolling seeks to invoke the Court's "inherent authority" over its sentencing judgments. Def. 2nd Rule 35(b) Mot., at 8 (D.I. 16). As this Court recently explained when addressing another of these cookie-cutter applications by a different inmate, "none of the conditions [that] might allow the Court its rare exercise of its inherent authority to modify a sentencing judgment are present here." *State v. Dickerson*, 2021 WL 2285238, at *2 n.15 (Del. Super. Ct. June 4, 2021). Too, Mr. Bolling's resort to 11 *Del. C.* § 4221 is unvailing; his sentence is well over a year in duration. *See White v. State*, 2021 WL 1828069, at *1 (Del. May 6, 2021) (Holding, when disposing of another inmate's same argument, that "Section 4221 does not apply to [inmates'] sentence because that statute, among other things, only applies to minimum or mandatory sentences of one year or less.").

[9] Def. 2nd Rule 35(b) Mot., at 10; Def. Repl., at 3 (D.I. 19).

[10] Def. 2nd Rule 35(b) Mot.; Def. Repl., at 2.

his Level IV term.[11] He wants the Court to now expressly designate that him imposed Level IV term be served on home confinement.[12]

(5) According to Mr. Bolling, his immediate release from prison is appropriate because his continued incarceration during the current pandemic amounts to cruel and unusual punishment violative of the Eighth Amendment.[13] And the Court should remove the Department of Correction (DOC)'s discretion to determine his Level IV placement, Mr. Bolling says, because he believes: (a) the DOC would leave him at Level V instead of sending him to work release;[14] and (b) "it would be more beneficial for [him] to complete [my] Level 4 term on house arrest" in a stable home environment.[15]

(6) First, Mr. Bolling's cruel and unusual punishment argument rests on Eighth Amendment cases that involved civil litigation, not modification of a defendant's criminal sentence. As such, his Eighth Amendment claim simply does

---

[11] Def. 2nd Rule 35(b) Mot., at 9.

[12] *Id.*; Def. Supp., at 1 (D.I. 20).

[13] Def. 2nd Rule 35(b) Mot., at 1-5; Def. Repl.

[14] Def. 2nd Rule 35(b) Mot., at 9.

[15] Def. Supp., at 1.

not support the relief Mr. Bolling seeks.[16] So, the Court must consider Mr. Bolling's request under Criminal Rule 35(b) rather than under the Eighth Amendment.[17]

(7) The Court may consider a Rule 35(b) motion "without presentation, hearing or argument."[18] The Court will decide his motion on the papers filed and the complete record in Mr. Bollng's case.

(8) When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits.[19]

(9) "Rule 35(b) requires that an application to reduce imprisonment be filed promptly—i.e. within 90 days of the sentence's imposition—'otherwise, the Court loses jurisdiction' to act thereon."[20] An exception to this bar exists: to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his own motion must demonstrate "extraordinary

---

[16]  *Woods v. State*, 2021 WL 304007, at *1 (Del. Jan. 28, 2021); *White*, 2021 WL 1828069, at *1.

[17]  *Woods*, 2021 WL 304007, at *1; *Dickerson*, 2021 WL 2285238, at *2.

[18]  Super. Ct. Crim. R. 35(b).

[19]  *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[20]  *Redden,* 111 A.3d at 607 (internal citations omitted).

circumstances."[21] A heavy burden is placed on the inmate to establish "extraordinary circumstances" in order to uphold the finality of sentences.[22]

(10) The term "extraordinary circumstances" is generally defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[23] "And for the purposes of Rule 35(b), 'extraordinary circumstances' have been found only 'when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[24] In short, Rule 35(b) is a rule limited to reconsideration and altering of a sentence after the 90-day motion deadline "only when there is a truly compelling change in that inmate's individual circumstances that presents an urgent need for revision of the sentence's terms."[25]

(11) Mr. Bolling filed this motion almost four years after he was sentenced.

---

[21] *Sample v. State*, 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

[22] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[23] *Diaz*, 2015 WL 1741768, at *2 (citing BLACK'S LAW DICTIONARY (10th ed. 2014)); *id.* (Observing also that, in the Rule 35(b) context, "'extraordinary circumstances' are those which 'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"); *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

[24] *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. Ct. 2019) (quoting *Fountain v. State*, 139 A.3d 837, 842 n.20 (Del. 2016)).

[25] *Id.*

To the extent he is arguing that conditions of his confinement and potential exposure to COVID-19 constitute "extraordinary circumstances" under Rule 35(b), they do not.[26] Rather, as this Court and the Delaware Supreme Court have instructed others who have raised COVID-19 concerns: "[S]hould Mr. [Bolling]'s specific individual medical circumstance warrant sentence reduction, then the proper vehicle to deliver such relief is an application by the Department of Correction under 11 *Del. C.* § 4217."[27]

(12)   Mr. Bolling's failure to meet Rule 35's "extraordinary circumstance" criterion prohibits this Court from considering his time-barred prayer for reduction of his Level V term.

(13)   As to Mr. Bolling's accompanying request to modify the Level IV term imposed, this is a first application for modification of his term of partial confinement or probation.  So, there are no bars to consideration of that prayer under Rule 35(b).[28]

---

[26]   *State v. Jones*, 2020 WL 4483673, at *2 (Del. Super. Ct. Aug. 4, 2020) (citing *State v. Lindsey*, 2020 WL 4038015, at *2 (Del. Super. Ct. July 17, 2020) (collecting cases)).

[27]   *Lindsey*, 2020 WL 4038015, at *3; *Jones v. State*, 2021 WL 1590188, at *2 (Del. Apr. 22, 2021) ("As to COVID-19, an application by DOC under §4217 is the proper vehicle for relief should Jones's personal health warrant sentence modification."); *Williams v. State*, 2020 WL 7311325, at *1 (Del. Dec. 10, 2020) (same); *Johnson v. State*, 2020 WL 5626231, at *2 (Del. Sept. 18, 2020) (same).

[28]   *See Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011) (finding this Court erred in holding that motion for modification of Level IV time was subject to ninety-day period but could be affirmed because motion was repetitive); *State v. Bennett*, 2015 WL 1746239, at *2 (Del. Super. Ct. Apr. 13, 2015) (bar to repetitive motions is applicable to requests for modification of a Level IV term of a sentence).

(14) The Court has fully reviewed Mr. Bolling's application, the State's response, the record of Mr. Bolling's case, his prior supervision history, and all sentencing information available. The Court finds that the Level IV term—*i.e.* a period in a highly structured community-based supervision in a DOC-determined setting complementary to the incarcerative term Mr. Bolling has served—is a component of his sentence that is integral to the Court's overall "sentencing scheme" or "plan."[29]

(15) After thorough review of the merits of this request, the Court finds its original sentencing judgment regarding the Level IV component remains appropriate. Mr. Bolling's placement and program assignment for completion of his Level IV term is a matter the Court has left to the DOC to determine given his circumstances when he has finished the Level V portion of his sentence. The Court has every confidence that the DOC will exert its best efforts to execute the Court's sentence as ordered—that is, determine an appropriate Level IV placement that complements the other terms Mr. Bolling has served and the programs he has completed. In turn, the Court will exercise its discretion[30] under Rule 35(b) and deny Mr. Bolling's request to reduce or modify his Level IV term.

---

[29] *Defoe v. State*, 750 A.2d 1200, 1202 (Del.2000).

[30] *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court."); *Kiser v. State*, 2010 WL 5141242, at *1 (Del. Dec. 10, 2010) (same for motion that seeks reduction or modification of partial confinement).

(16)  **NOW, THEREFORE, IT IS ORDERED** that Mr. Bolling's motion for immediate termination of his Level V term must be **DENIED** because it is time-barred.  **IT IS FURTHER ORDERED** that Mr. Bolling's motion for modification of the Level IV term of his sentence is **DENIED** for the reasons set forth above.

_____

Paul R. Wallace, Judge

Original to Prothonotary

cc:    Mr. Aaron L. Bolling, *pro se*
       John S. Taylor, Deputy Attorney General
       Investigative Services Office