# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted:  March 16, 2022
Decided:  March 23, 2022

Mr. Allen R. Jolley
S.B.I. No. 152625
Howard R. Young Correctional Institution
1301 East 12th Street
Wilmington, Delaware 19809

Nichole T. Whetham Warner
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, Delaware 19801

> RE:  *State v. Allen R. Jolley*
> ID Nos. 1909015898 and 2103005334
> *Motion for Modification of Sentence*

Dear Mr. Jolley and Ms. Warner:

The Court is in receipt of Mr. Jolley's recent request to modify his sentence. (D.I. 37; D.I. 4).

At a case review hearing held September 27, 2021, Mr. Jolley pleaded guilty to one count of Non-Compliance with Bond Conditions-Felony and one count of Assault in the Third Degree (as a lesser-included offense of second-degree assault).[1] He did so in exchange for the State's downgrading of his felony assault charge, its dismissal of the remaining indicted counts, and the State's favorable sentencing recommendation.[2]  Mr. Jolley was then sentenced immediately to serve:  for Non-Compliance with Bond Conditions-Felony (N21-09-0918I)—Two years at Level V

---

[1]  Plea Agreement and TIS Guilty Plea Form, *State v. Allen R. Jolley*, ID Nos. 1909015898 and 2103005334 (Del. Super. Ct. Sept. 27, 2021) (D.I. 29; D.I. 2).

[2]  *Id.* ("The State agrees it will not seek more than 12 months of unsuspended Level 5 time.").

suspended after one year at Level V (which is to be served under the provisions of 11 *Del. C.* § 4204(k)) for 18 months at Level III-GPS suspended after six months of GPS monitoring for one year at Level III probation; and for Assault Third Degree (IN19-10-0844)—One year at Level V suspended for one year of Level III probation.[3] The Court's order provides that his sentence is effective April 22, 2021, that he is to be held at Level V until GPS monitoring is available, and that certain other conditions are applicable to his terms of incarceration and probation.[4]

Mr. Jolley filed no direct appeal from his convictions or sentence. But just last week he did docket a motion asking the Court: (1) to apply certain credit time to the Level V portion of his sentence;[5] and (2) to reduce or modify the Level III term of his sentence.[6]

---

[3] Sentencing Order, *State v. Allen R. Jolley*, ID Nos. 1909015898 and 2103005334 (Del. Super. Ct. Sept. 27, 2021), at 3-4 (D.I. 31; D.I. 3).

[4] *Id.*

[5] This aspect of his application can be addressed under this Court's Criminal Rule 35(a). *State v. Love*, 2015 WL 1058972, at *1 (Del. Super. Ct. Mar. 6, 2015). And such correction, when needed, can be made "at any time." *Id.*

[6] *See* Super. Ct. Crim. R. 35(b) (providing, in part, that the Court may reduce or modify a term or the conditions of partial confinement or probation); *see also Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

When considering motions for sentence reduction or modification, this Court addresses any applicable procedural bars before turning to the merits. *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015). None apply here. So, the Court will consider this Rule 35(b) motion "without presentation, hearing or argument" and will decide it on the papers filed and the complete record in Mr. Jolley's case. Super. Ct. Crim. R. 35(b).

In his application, Mr. Jolley first requests that the Court give him credit for 11 days he was held in pre-trial detention back in February 2020.[7] Mr. Jolley suggests that the Court do that in a way that would move forward his potential release date by 11 days[8]—effectively cutting into the unsuspended one-year term with a predictable release date that the Court expressly deemed necessary when crafting, pronouncing, and imposing his sentence.[9]

Mr. Jolley is correct that the Court must credit him for any incarceration served in default of bail.[10] But there are several means by which the Court might do that.[11] The full one-year at imprisonment—running from April 22, 2021, with a predictable release date of April 21, 2022—that was imposed for his felony breach of release was a component of Mr. Jolley's sentence integral to the Court's overall

---

[7] At that time, Mr. Jolley was being held pre-trial in Case No. 1909015898 after a bail increase and the addition of GPS monitoring as a condition of release. (D.I. 3 and 4).

[8] Def.'s Mot., at 2.

[9] *See* Sentencing Order, at 3-4 (setting out the aggravating factors and reason for application of 11 *Del. C.* § 4204(k) in this particular case); *see also White v. State,* 234 A.3d 381, 412-13 ("When departing from the guidelines, the 'factor(s) leading to the exceptional sentence *must* be stated for the record, and *should* be identified in the sentencing order or on the sentencing worksheet.'. . . A Section 4204(k) sentence is treated as a departure from the presumptive guidelines.") (quoting *Brochu v. State,* 2016 WL 690650, at *4 n.28 (Del. Feb. 19, 2016)).

[10] DEL. CODE ANN. tit. 11, §§ 3901(b) and (c) (2021).

[11] *See McNair v. State*, 2011 WL 768639, at *1 (demonstrating some different methods of applying necessary § 3901 credit and explaining such might be given "either by 'backdating' the effective date to the date of incarceration *or* by crediting the defendant with the time served") (emphasis added).

"sentencing scheme" or "plan" in his case.[12]  And so as to not disturb that component while honoring § 3901's mandate, the Court will apply the required 11 days of credit by modifying the initial one-year Level V term in IN19-09-0918I[13] to a Level V term of 354 days.[14]

The second request Mr. Jolley makes is that the Court reconsider the cumulative 18-month Level III term he must complete when he gets out of prison in light of the fact that he was on GPS monitoring during a long span of his pre-trial release.  At bottom, Mr. Jolley asks the Court to excise the final 12-month Level III term that follows the first six months of GPS monitoring.  Again, the full 18-month Level III term is an essential element of the sentence imposed for the reasons stated at Mr. Jolley's sentencing.  It remains the Court's judgment that the full 18-month Level III period (a portion with GPS monitoring; a portion without) is an appropriate and indispensable component of Mr. Jolley's sentence that should not be modified.

Accordingly, Mr. Jolley's request for credit time is **GRANTED** in the manner

---

[12]  *Defoe v. State*, 750 A.2d 1200, 1202 (Del. 2000); *White,* 234 A.3d at 413-14 (explaining this Court's broad discretion to apply § 4204(k) when sentencing and that thereunder, "[i]n plain language, the Superior Court may 'require a sentence be served day for day'") (quoting *State v. Delaware Bd. of Parole,* 2014 WL 595870, at *2 n.12 (Del. Super. Ct. Jan. 24, 2014)).

[13]  This is not only permissible under § 3901, but also makes the most sense.  The time-served credit is hereby applied to the third-degree assault offense associated with Case ID No. 1909015898—that on which Mr. Jolley was actually held pre-trial in February 2020—as opposed to the felony bond-release violation that had not yet even occurred. *See* Information, *State v. Allen R. Jolley*, ID No. 2103005334 (Del. Super. Ct. Sept. 27, 2021) (D.I. 1) (the date of Mr. Jolley's breach-of-release felony was March 9, 2021).

[14]  *See, e.g., Beck v. State*, 2019 WL 2153313, at *1 (Del. May 15, 2019) (holding that this Court comported with § 3901's crediting requirements "by providing in the body of the sentencing order that the sentence took into account all time previously served and by reducing the Level V time remaining on [inmate's] sentence").

set forth above;[15] his request to reduce the Level III term of his sentence is, as an exercise of the Court's Rule 35(b) discretion,[16] **DENIED.**

A modified sentencing order to this effect will be issued forthwith.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

cc:     Prothonotary-Criminal
        John S. Malik, Esquire
        Investigative Services Office

---

[15]   *State v. Tollis*, 126 A.3d 1117, 1122 (Del. Super. Ct. 2016) (observing that a sentencing judge might in rare circumstances "'modify the initial sentence based on the terms of the original sentence itself' to insure the original intent of the sentence is carried through")(emphasis omitted) (quoting *State v. Sloman*, 886 A.2d 1257, 1265 (Del. 2005)).

[16]   *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court."); *Kiser v. State*, 2010 WL 5141242, at *1 (Del. Dec. 10, 2010) (same for motion that seeks reduction or modification of partial confinement).