**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,      )
                            )
      v.                 )   **ID Nos. 2308008915, 2201000032,**
                            )           **2201007423, 2202001715,**
                            )           **2108015289, and**
DAVON M. GORDON,     )           **2107009883**
             **Defendant.**  )

Submitted: February 5, 2026
Decided: March 16, 2026

*Upon Defendant Davon M. Gordon's*
*Motion for Credit Time,*
**DEEMED MOOT**.

*Upon Defendant Davon M. Gordon's*
*Motion for Sentence Reduction or Modification,*
**DENIED**.

## <u>ORDER</u>

Upon consideration of the Defendant Davon M. Gordon's *pro se* Motion for Sentence Reduction (D.I. 41-43, 49)[1] and subsequent Motion for Credit Time (D.I. 52), the many supplements thereto that he has filed (D.I. 60, 74, 82, 84-86) as well as, the record in this matter, it appears to the Court that:

(1)    The history of Mr. Gordon's offenses was recently synopsized by the Delaware Supreme Court when it affirmed his convictions and

---

[1]  For ease of reference, unless noted otherwise, the Court cites only the docket entry numbers from Case ID No. 2308008915.

cumulative sentence:

> Over two years, Davon Gordon amassed numerous domestic violence-related charges. He resolved all of the charges by pleading guilty to five of the indicted counts and was placed on probation. After sentencing, he incurred new criminal charges and was charged with three violations of probation—all involving the same person. He resolved the new domestic violence-related criminal charges by pleading guilty to one Act of Intimidation. The court sentenced him to eight years in prison, all suspended for decreasing levels of supervision.
>
> By pleading guilty to an Act of Intimidation, [Mr.] Gordon violated his prior probation conditions—not to commit a new criminal offense. The Superior Court sentenced him to three years of Level V custody for violating probation followed by decreasing levels of supervision.[2]

(2) To be more specific about Mr. Gordon's cumulative sentence, it was structured as follows: Act of Intimidation (IN23-09-1211)—8 years at Level V, suspended in whole for 8 years at Level IV-DOC Discretion, suspended after 6 months for 18 months at Level III with GPS monitoring;[3] VOP-Non-Compliance with Bond (Felony) (VN22-089-1479-01)—3 years at Level V; VOP-Terroristic Threatening (VN21-09-0422-01)—343 days at Level V, suspended in whole for 1 year at Level III probation with GPS monitoring; VOP-Non-Compliance with Bond (Felony) (VN22-089-1481-01)—5 years at Level V, suspended in whole for 1 year at Level III probation

---

[2] *Gordon v. State*, 2025 WL 1923649, at *1 (Del. July 14, 2025).

[3] D.I. 32 (Sentence Order).

with GPS monitoring; VOP-Assault Third Degree (VN22-089-1483-01)—1 year at Level V, suspended in whole for 1 year at Level III probation with GPS monitoring; and VOP-Non-Compliance with Bond (Felony) (VN22-089-1480-01)—5 years at Level V, suspended in whole for 1 year at Level III probation with GPS monitoring.[4]   The effective date of the VOP sentences was July 23, 2023;[5] the effective date of the Act of Intimidation sentence was May 17, 2024.[6]   So, Mr. Gordon would serve his unsuspended term of imprisonment for the VOPs first, then move onto the Level IV term for the Act of Intimidation, followed by the concurrent Level III-GPS terms of both.

(3)     When imposing its sentence the Court expressly noted:

> To the extent this VOP sentence, in combination with that imposed [for the new Act of Intimidation conviction], may exceed any applicable SENTAC guidelines the Court notes the following aggravating circumstances:  (1) this is just one more offense that seems a persistent pattern of behavior by the Defendant that defies specific mandates by the Court regarding no contact and other aspects of the Defendant's conduct and behavior;   (2) the Defendant continues to victimize Ms. [Victim] in one way or another; and (3) he demonstrates no remorse, insight, or willingness to change, so it seems a punitive sentence of full incarceration may be all that protects the victim or may get the Defendant's attention.  The Defendant has shown a lack of amenability to any sanction less than incarceration. [7]

---

[4]   D.I. 37, ID No. 2108015289 (VOP Sentence Order).

[5]   VOP Sentence Order, at 1.

[6]   Sentence Order, at 1.

[7]   VOP Sentence Order, at 4; Sentence Order, at 4 (containing mirror note).

(4)     Mr. Gordon first docketed a direct appeal of his conviction, VOP adjudication, and resultant sentences.[8]  He followed with a duplicate appeal.[9]  While those two actions were pending at different stages in the Supreme Court, Mr. Gordon docketed his first Rule 35(b) filing and related applications in this Court.[10]  He quickly followed with a duplicate of that Rule 35(b) application.[11]  Through both, he requested reduction of his imprisonment.[12]

(5)     Mr. Gordon then filed a separate "Motion for Credit Time Previously Served."[13]  This too was docketed while appeals were still pending.

(6)     The Court deferred decision on the Rule 35 applications during the pendency of Mr. Gordon's then-active appeals.[14]  All of those appeals have now been resolved[15] and Mr. Gordon has since supplemented his

---

[8]   *See* Not. of Appeal, *Davon M. Gordon v. State of Delaware*, No. 225, 2024 (Del. filed June 7, 2024).

[9]   *See* Supp. Not. of Appeal, *Davon M. Gordon v. State of Delaware*, No. 312, 2024 (Del. filed Aug. 5, 2024).

[10]  Because Mr. Gordon filed these *pro se* applications during the 30-day appeal period in which he was, under the Delaware Supreme Court's rules, still represented by counsel, the Court—in accord with the decision in *Jones v. State*, 2020 WL 2280509 (Del. May 7, 2020) and Criminal Rule 47—referred these initial filings to his counsel. D.I. 44.

[11]  D.I. 49.

[12]  *See* D.I. 41 and 49.

[13]  D.I. 52.

[14]  D.I. 55, 76, and 83.

[15]  *See Gordon v. State*, 2025 WL 1923649, at *1 (Del. July 14, 2025); *Gordon v. Parker*, 2026 WL 221289 (Del. Jan. 27, 2026).

Rule 35 filings as anticipated.[16]

(7)    Mr. Gordon is now serving the Level IV term of his sentence, thus his application for reduction of imprisonment and for additional Level V credit (D.I. 52) is **MOOT**.  Thus, he has amended his Rule 35 prayers to request modification of his Level IV and III terms.[17]

(8)    Specifically, Mr. Gordon asks that the Court eliminate the remainder of his Level IV term, "transfer [his] probation to California or New Jersey," and remove the GPS requirement.[18]  Mr. Gordon believes that immediate relocation and these modifications will:  (a)  allow him to find employment; (b) be more  beneficial to his family; and (c) assist him in receiving treatment for the mental health issues he now recognizes he has.[19]

(9)    Mr. Gordon's motion seeking a reduction or modification of sentence is governed by Superior Court's Criminal Rule 35(b).[20]  The Court

---

[16]   D.I. 82 and 84-86.

[17]   D.I. 82 and 84-86.

[18]   D.I. 85 and 86.

[19]   *Id.*

[20]   Super. Ct. Crim. R. 35(b) (providing that, if certain requirements are met, the Court may reduce a sentence of imprisonment or modify the terms of partial confinement or probation on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at \*1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").  *See State v. Comeger*, 2015 WL 74260 (Del. Super. Ct. Jan. 5, 2015) (this Court examines motions to reduce or modify the terms of VOP sentences under Criminal Rule 35(b)); *see also Sample v. State*, 2012 WL 193761 (Del. Jan. 23, 2012) (provisions of Rule 35(b) applied on appellate review of a ruling on a motion to reduce the term of a VOP sentence).

-5-

may consider such a request "without presentation, hearing or argument."[21] When considering motions for sentence modification, this Court addresses any applicable procedural bars before turning to the merits.[22] As this is a first application for modification of Mr. Gordon's terms of partial confinement or probation, there are no bars to consideration of that request under Rule 35(b).[23]

(10) The Court has fully reviewed Mr. Gordon's prolix filings, the complete record of his case, his prior supervision history, and all sentencing information available.

(11) As to Mr. Gordon's request that the Court "order" transfer of his probation to another state, that is not a form of relief available under this Court's Criminal Rule 35. Any request to relocate to New Jersey, California, or any other state while on probation must be made by Mr. Gordon through the Delaware Department of Correction at the appropriate time. And such a "transfer" of supervision can only occur if the other state's correctional

---

[21] Super. Ct. Crim. R. 35(b).

[22] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015).

[23] *See Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011) (finding this Court erred in holding that motion for modification of Level IV time was subject to ninety-day period but could be affirmed because motion was repetitive); *State v. Bennett*, 2015 WL 1746239, at *2 (Del. Super. Ct. Apr. 13, 2015) (bar to repetitive motions is applicable to requests for modification of a Level IV term of a sentence).

authorities agree to take his case.[24] Put simply, the Court cannot "order" such a transfer.[25] Nor will the Court modify any condition of its sentence that Mr. Gordon suggests may interfere with his desire to seek such a transfer.

(12) The six-month unsuspended Level IV term (with its required completion of any program or placement determined appropriate by the Department of Correction) and the decreasing Level III supervision that follows are components of Mr. Gordon's sentence integral to the Court's overall "sentencing scheme" or "plan."[26]

(13) The Court was (and remains) particularly concerned with his serious and repeated failures at community supervision. In turn, the Court has found that a term of Level IV supervision that flows to a GPS-monitored Level III term of supervision will best balance his treatment needs and victim

---

[24] *See* DEL. CODE ANN. tit. 11, § 4358 (2018) (providing process for probationers to apply under the Interstate Compact for Adult Offender Supervision for interstate transfer into or from the State of Delaware).

[25] *See e.g. State v. Dalrymple*, 2024 WL 1110502, at *2 (Del. Super. Ct. Mar. 14, 2024) (noting in order denying Rule 35 motion that it is the Department of Correction, not this Court, that oversees applications for out-of-state transfers of probation); *State v. Herkins*, 2024 WL 4259286, at *1 (Del. Super. Ct. Sept. 20, 2024) (explaining that prior Rule 35(b) motion was denied because transfers of probation to another state are within the authority of the Department of Correction).

[26] *Defoe v. State*, 750 A.2d 1200, 1202 (Del. 2000). Moreover, in your case, some period of partial confinement or probation is required by Delaware law DEL. CODE ANN. tit. 11, § 4202(l) (2018) (providing that whenever one's sentence includes at least one year of incarceration, that term of imprisonment must be followed by at least six months of quasi-incarceration and/or supervised probation to facilitate the inmate's transition back into society).

and community safety concerns. Too, given the unique circumstances of Mr. Gordon's case and the risks he has and still poses, "it is wholly appropriate for the Court to leave such classification and placement decisions to the Department of Correction"[27] for completion of those terms.

**NOW, THEREFORE,** Davon M. Gordon's application for credit time (D.I. 52) is **DEEMED MOOT.** As to Mr. Gordon's Rule 35(b) applications, the Court found (and remains convinced) that a highly structured term of Level IV followed by Level III with GPS monitoring term will best facilitate his re-integration while assuring necessary supervision and support.[28] Mr. Gordon has not proven that he is equipped to do well in the community without such structure. And more so, without such structure he has demonstrated that will not abide by the no-contact and other strict conditions the Court has imposed. Accordingly, as an exercise its discretion under Rule 35(b),[29] the Court **DENIES** Mr. Gordon's many requests (D.I. 41-43, 49, 60,

---

[27] *See State v. Rojas*, 2020 WL 522332, at *2, n.16 (Del. Super Ct. Sep. 1, 2020) (citing *Samans v. Dept. of Correction*, 2015 WL 1421411, at *2 (Del. Mar. 27, 2015)).

[28] *See* Sentence Order, 2-4 (noting the Court's concerns and appropriate conditions for Mr. Gordon's continued treatment and supervsion).

[29] *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court."); *Kiser v. State*, 2010 WL 5141242, at *1 (Del. Dec. 10, 2010) (same for motion that seeks reduction or modification of partial confinement).

74, 82, 84-86) to in any way reduce or modify the Level IV and III terms of his sentence.

**SO ORDERED,**

*/s/ Paul R. Wallace*

_____

Paul R. Wallace, Judge

Original to Prothonotary

cc:    Mr. Davon M. Gordon, *pro se*
       Christina M. Davis, Deputy Attorney General
       Michael J. Gordon, Deputy Attorney General
       Brian J. Chapman, Esquire
       Investigative Services Office